IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CAROLINE DANETTE GRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-cv-0703-MEF |
| ) | |
| WAL-MART, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    DISCUSSION**

Before the court is Plaintiff's Complaint (Doc. 1) and Motion to Proceed *in forma pauperis* (Doc. 2). Because Plaintiff is seeking to proceed without the prepayment of the filing fees, the court is required to review Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915. In conducting its initial review pursuant to 28 U.S.C. § 1915(e), the court became concerned that the Complaint appeared untimely filed, pursuant to the ninety-day limitations period established in 42 U.S.C. § 2000e-5(f)(1). That is, following the dismissal of a charge by the Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. § 2000e-5(f)(1) establishes a ninety-day period for the commencement of a civil court action by a person aggrieved by an alleged unlawful employment practice. This ninety-day period for bringing federal suit begins on the date the claimant receives notice, typically via a right-to-sue letter from the EEOC, that the EEOC has dismissed the claimant's charge. *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000).

Plaintiff's right-to-sue letter is dated May 15, 2012, *see* (Doc. 1-1), and according to the Complaint (Doc. 1), she received the letter on May 16, 2012.  Therefore, Plaintiff's Complaint was timely if filed on or before August 14, 2012.  The right-to-sue letter received by Plaintiff, which she provided with her complaint, clearly informed Plaintiff that any lawsuit she wished to file "**must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost."  *See* Letter from Delner Franklin-Thomas to Grant, provided with Complaint (Doc. 1-1) (all emphasis in original).  However, Plaintiff's Complaint was not filed with this court until August 15, 2012.  Thus, the Complaint was filed outside of the statutory limitations period.  Plaintiff "bear[s] the burden of showing that [she has] met the timeliness requirement." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).  Furthermore, while the limitations period, in "extraordinary" circumstances, is subject to equitable tolling, *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004), Plaintiff bears the burden of demonstrating that she is entitled to such tolling.

In response to the court's order that she show cause why the apparent untimeliness of her complaint should not result in its dismissal, Plaintiff has submitted a general narrative about her struggles to find an attorney to take her case and about how she had car trouble on August 14th.  *See* Resp. (Doc. 5) at 1-2.  She also states that she contacted the court and asked if she could file on the 15th and was told she could. *Id*.

*If* Plaintiff contacted the clerk's office and asked whether she could file her case on

2

the 15th, she would likely have been told yes, because it is not the practice of the court to bar Plaintiffs from filing complaints. The clerk's office does not provide legal advice, and Plaintiff being told that she can file her complaint on the 15th is a far cry from being told that she would receive a tolling of the statute of limitations for the filing of her action. Plaintiff's allegation that she was told that she can file her complaint on the 15th of August does not establish "extraordinary circumstances." *See Brown v. John Deere Product, Inc.*, 460 F. App'x 908, 910 (11th Cir. 2012) (finding no extraordinary circumstances for tolling absent malfeasance on the part of the clerk's office).

Further, Plaintiff's automobile troubles do not amount to "extraordinary circumstances." Plaintiff apparently waited until the ninetieth day to attempt to drive to the court to file her complaint and has "failed to demonstrate that [s]he exercised due diligence in pursuing h[er] claims during the limitations periods." *Arrington v. United Parcel Serv.*, 384 F. App'x 851, 852 (11th Cir. 2010) (citing *Raziano v. United States*, 999 F.2d 1539, 1541 (11th Cir. 1993)). Moreover, Plaintiff's attempts to secure counsel do not toll the statute of limitations. *See Arrington,* 384 F. App'x at 852 (finding that "vague and conclusory references to financial difficulties, his *pro se* status, his inability to work due to physical and medical problems, and his inability to secure counsel fail to demonstrate that extraordinary circumstances sufficient to require equitable tolling existed"). Indeed, even error by retained counsel which results in the untimeliness of a complaint does not warrant equitable tolling of the limitations period. *See, e.g.*, *Williams v. Ga. Dep't of Def. Nat'l*

*Guard Headquarters*, 147 F. App'x 134, 136 (11th Cir. 2005).

Plaintiff's complaint is untimely and she is not entitled to equitable tolling of the limitations period and this case is due to be dismissed. While the outcome here may seem harsh, it is not without precedent. *See Brown v. Potter*, 2009 WL 4667043 (M.D. Ala. Dec. 2, 2009) (Plaintiff's claims time barred when filed one day after the ninety day limitations period). Plaintiff was given ninety days in which to file this suit and failed to do so. The United States Supreme Court has cautioned that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Accordingly, this case is due to be dismissed.

**II.   CONCLUSION**

Because Plaintiff's complaint is untimely pursuant to the ninety-day limitations period of 42 U.S.C. § 2000e-5(f)(1) and she has not demonstrated her entitlement to equitable tolling of the limitations period, it is the RECOMMENDATION of the undersigned Magistrate Judge that her complaint be dismissed prior to the service of process under 28 U.S.C. § 1915(e). Further, it is

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before December 31, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of December, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE